UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILLIAN C. FRAZIER,

    Plaintiff,                      Civil Action No. 16-11363
                                Honorable Laurie J. Michaelson
v.                              Magistrate Judge Elizabeth A. Stafford

COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S
APPLICATION FOR SECTION 406(b) ATTORNEY FEES [ECF NO. 20]**

**I. INTRODUCTION**

      Daryl Royal, counsel for Plaintiff Lillian Frazier, seeks an award of $14,040.00 for attorney fees under 42 U.S.C. § 406(b) of the Social Security Act. [ECF No. 20]. The requested amount represents 28.08 hours of work expended by Royal on Frazier's behalf at an hourly rate of $500.00. [*See* ECF No. 20-6 (detailing the hours worked)]. The amount requested is below the 25% of past due benefits, or $20,881.00, which Frazier agreed to pay Royal in their fee agreement, and which the Social Security Administration withheld from Frazier's awarded benefits to account for any approved attorney fees. [ECF No. 28, PageID.715]. The Commissioner

does not object to an award in the amount Royal requests; however, Frazier has objected to the request. [ECF No. 20; ECF No. 22, 25, 28]. Notwithstanding Frazier's opposition to Royal's petition, the Court **RECOMMENDS** that Royal's motion be **GRANTED**.

II.  ANALYSIS

A.

As her primary objection to Royal's petition, Frazier contends that the payment of the $4,914.00 in EAJA attorney fees, as well as costs paid in the amount of $400, fully and completely satisfies Royal's claims for fees and costs. [ECF No. 28, PageID.629]. Her argument is without merit.

In Social Security cases, attorney's fees may be awarded under Section 406(b)(1)(A) of the Social Security Act *and* the EAJA (28 U.S.C. § 2412(d)). *Minor v. Commissioner of Social Security,* 826 F.3d 878, 880 (6th Cir. 2016). In fact, attorneys are often required to apply for EAJA fees as a condition of obtaining Section 406(b) fees. *See Allen v. Comm'r of Soc. Sec.*, 2012 WL 1596661, at *5 (S.D.N.Y. Apr. 27, 2012), *adopted*, 2013 WL 6331727 (S.D.N.Y. Dec. 5, 2013); *Dickey v. Colvin*, 2016 WL 7383870, at *4 (W.D. La. Nov. 29, 2016), *adopted*, 2016 WL 7388399 (W.D. La. Dec. 20, 2016) (collecting cases).

A significant difference between Section 406(b) and EAJA attorney fees is their source: "while fees awarded under 42 U.S.C. § 406(b) are deducted from a claimant's award of past-due Social Security benefits, the United States must pay fees awarded under the EAJA out of government funds." *Minor*, 826 F.3d at 881. The EAJA generally increases a successful Social Security claimant's portion of past-due benefits because "[f]ee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186). *See also Drake v. Comm'r of Soc. Sec.*, 2016 WL 492704, at *1 (E.D. Mich. Feb. 9, 2016) ("[T]he EAJA Savings Provision requires an attorney receiving two fee awards to refund the smaller award to his or her client."). Accordingly, Royal's recovery of attorney fees under EAJA does not preclude his current request for fees under Section 406(b). And granting Royal's motion for Section 406(b) fees benefits Frazier, as Royal must refund the $4,914.00 paid to him under EAJA to Frazier upon recovering the greater Section 406(b) fees.

## B.

Section 406(b) allows an attorney fee of up to 25% of past due benefits pursuant to contingency-fee agreements, but the amount must be

3

tested for reasonableness. *Gisbrecht,* 535 U.S. at 808-09. There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). To avoid such windfalls, district courts are expressly authorized to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *Gisbrecht,* 535 U.S. at 808.

Courts in the Sixth Circuit have there is no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Parish v. Comm'r of, Soc. Sec.*, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017) (quoting *Hayes*, 923 F.2d at 422).

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. Such a result would thwart Congress's intention to assure social security

4

> claimants of good representation…. [This multiplier] provides a floor, below which a district court has no basis for questioning, under the…windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Hayes*, 923 F.2d at 422 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989)).  If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee.  *Id.*

Here, Frazier does not dispute the number or legitimacy of the hours Royal devoted to her case, and she concedes that "after reviewing the case law cited by the [Royal],…the method used to establish the [Royal's] hourly rate is supported by law. However,…while the computation method is legal, it does not make it fair."  [ECF No. 28, PageID.644]. The Court rejects Frazier's claims of unfairness, as the requested fee accounts for the time actually spent on the case and the requested hourly rate is not inflated.

A review of recent cases from this district reveals that an hourly rate of $250 to $500 is considered standard and that doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny.  *See Szostek v. Berryhill*, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *adopted*, 2018 WL 398443 (E.D. Mich.

Jan. 12, 2018) (collecting cases). As noted, the fee that Royal requests equates to an hourly fee of $500, and the amount requested is below the presumptively reasonable 25% contingency agreement Royal had with Frazier. Frazier has not presented any legally cognizable basis[1] for denying the requested fees, and her objections should be rejected.

## III. CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that Royal's motion for 42 U.S.C. § 406(b) attorney fees be **GRANTED**, that he be awarded $14,040.00, and that he refund the EAJA fee of $4,914.00 to Frazier.

s/Elizabeth A. Stafford

---

[1] Frazier's other arguments are factually and legally baseless. She suggests that Royal's petition is untimely because it was filed after the federal action was closed and after the 15-day administrative window to challenge the fee paid to counsel from the benefits withheld by the Commissioner. But Royal could not have requested payment of a Section 406(b) fee unless and until Frazier received a Notice of Award, and the 15-day review period applies only to fees for representation at the administrative hearing level. § 406(a)(3)(A). Frazier's claim that her representative before the Commissioner is the attorney who should receive attorney fees is equally specious, as the Contingency Agreement between Frazier and Royal specifically anticipated that Royal would receive fees if benefits were awarded by "the Social Security Administration or Appeals Council **following an order of remand**…" [ECF No. 28, PageID.651 (emphasis added)]. That Contingency Agreement also limits the scope of Royal's representation to the federal court appeal of Frazier's unfavorable decision, and explicitly excludes from its scope any subsequent hearing upon remand. [*Id.*].

ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 29, 2018

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
